2

**Charles KIMMICH, Appellant, v. C. B. EVANS, Surviving Receiver of Pusey & Jones Co., Appellee.**

Circuit Court of Appeals, Third Circuit. January 13, 1928.

No. 3666.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Charles Kimmich, of New York City, in pro. per.

John P. Nields, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. · In the receivership of the Pusey & Jones Company in the court below, Charles Kimmich presented a claim for a salary alleged to be due him as managing director of that company. On objection made to its payment by the receivers, the claim was referred to a master who heard the proof in support thereof as furnished by Mr. Kimmich. Thereafter such master filed a report refusing the claim and therein finding "that on November 10, 1919, he was elected managing director of the Pusey & Jones Company. * * * No information is given as to the duties of this position. No mention or arrangement as to his salary was made. No salary was ever voted him or paid him, or demanded by him during his incumbency, or charged on the books in any way. No particular duties or place of office were designated." After discussing the relation of Mr. Kimmich to Christoffer Hannevig, who was the major stockholder of the Pusey & Jones Company, and under whom Kimmich was at the same time working under salary, the master further reported: "I see no way to avoid the conclusion that these services of Mr. Kimmich were services primarily for Mr. Hannevig, and were paid for, with all expenses, out of another of Mr. Hannevig's corporations, Christoffer Hannevig, Inc."

On the filing of this report and exceptions thereto by Mr. Kimmich, the judge of the court below considered the claim and sustained the master's report in an opinion stating: "No specification of the duties of 'managing director' is found in charter, by-laws, or resolution of the board of directors of the corporation. The claimant did not perform the ' duties performed by his predecessor in title. No salary was voted him by the corporation or any compensation credited to him on its books. None was claimed by him until Hannevig and his corporations became insolvent and his tenure of office terminated. At the time of his election he was serving the interests of Christoffer Hannevig, the president and then owner of all the capital stock of the Pusey & Jones Company, and was paid for such services by Christoffer Hannevig, Inc. This arrangement continued after his election as managing director. All expenses incurred by him after his election, and they were large and numerous, were paid as before by Christoffer Hannevig, Inc. I am unable to say that any services rendered by him after his election as managing director were not within the scope of his duties under his previous employment by Hannevig, and were not paid for by Christoffer Hannevig, Inc. A strong presumption that all services rendered by him, after his election, as well as before, were done in the performance of the duties to his former employer, and not to the Pusey & Jones Company, is raised by the payment of all subsequent expenses by the old employer. Additional circumstances sustain the conclusion that claimant's election as managing director was merely a means of enabling him better to perform the duties under his previous employment. There being no evidence whatever · that the claimant was entitled to an agreed upon compensation, and there being no sufficient evidence that any services rendered by him after his election were per-

formed for the Pusey & Jones Company, there is no evidence upon which an allowance to him can be made. I think the special master was right."

To this position the court adhered on a petition to refer the claim to the master for further action. In the final analysis, the case turns on questions of fact already found by a master and refound by a court in review. Finding, as we do, no ground for differing from the master and the court, we limit ourselves to affirming the decree below.